OPINION
{¶ 1} Gary Hegler ("Hegler"), an owner of Gary-Lee Events planned a rib festival to be held at the Lake County Fairgrounds in May 2001. Hegler contracted with HMP to coordinate the event. Hegler apparently contracted with appellee, All Occasion Limousine, to provide transportation services. In exchange for these services, Hegler agreed to allow appellee to sell ice cream at the event. Hegler then contracted with another party to sell ice cream. As the event coordinator, HMP contacted appellee to arrange transportation. When appellee was not paid for its services, it filed suit against Hegler and HMP for breach of contract in the small claims division of the Mentor Municipal Court. The matter was tried before a magistrate who found in favor of appellee in the sum of $1,760.[1]
 {¶ 2} HMP requested a transcript of the proceedings before the magistrate. The trial court denied HMP's request for a transcript because the "[t]rial was not recorded."
 {¶ 3} Pursuant to Civ.R. 52, HMP filed a request for findings of fact and conclusions of law. The magistrate granted the parties thirty days to submit proposed findings of fact and conclusions of law. HMP submitted proposed findings of fact and conclusions of law along with the affidavit of the sole shareholder of the corporation. HMP essentially contended it was Hegler's disclosed agent; it did not enter into a contract with appellee and if it did so, it was acting as Hegler's disclosed agent and thus, was not liable for Hegler's breach of contract. HMP also stated it had requested a continuance of the trial to obtain counsel but the magistrate denied this request.
 {¶ 4} Appellee submitted a statement of facts in which it contended it was originally contacted by Hegler to provide transportation and in exchange, appellee would be permitted to operate an ice cream stand at the rib festival; Hegler contracted with another company to supply ice cream; Hegler told appellee that appellee would deal with HMP on the transportation issue; because appellee would not be able to sell ice cream at the event, appellee would not provide transportation; HMP and appellee spoke regarding the provision of transportation; HMP requested appellee provide transportation; and HMP assured appellee that if it did so, appellee would be "taken care of." None of appellee's "facts" was supported by affidavit or a transcript.
 {¶ 5} The magistrate issued findings of fact and conclusions of law. Specifically, the magistrate found appellee had entered into an oral contract with both HMP and Hegler for the provision of transportation services and neither HMP nor Hegler had paid for the services. The magistrate also found the contract between Hegler and HMP was ambiguous as to which party was to pay for the transportation services and both HMP and Hegler benefited from the transportation service.
 {¶ 6} In his conclusions of law the magistrate determined both HMP and Hegler had breached the contract; Hegler and HMP were jointly and severally liable on the contract; the contract between Hegler and HMP was ambiguous as to who was to pay for the services; HMP had drafted the contract between Hegler and HMP and thus, any ambiguity must be resolved against HMP as the drafter of the contract; and Hegler and HMP would be unjustly enriched if they were not required to pay for the services.
 {¶ 7} HMP filed detailed objections to the magistrate's decision. HMP contended the magistrate erred by failing to record the proceedings, failing to grant HMP a continuance to obtain counsel, and by concluding HMP was liable for breach of contract. HMP submitted an affidavit pursuant to Civ.R. 53(E)(3)(b) in support of its objections. The trial court summarily overruled HMP's objections and adopted the magistrate's decision. HMP appeals asserting four assignments of error:
 {¶ 8} "[1.] The [c]ourt failed to record or provide procedures for the recording of the proceedings before the magistrate in accordance with Civil Rule 53(D)(2), depriving the [c]ourt of the ability to conduct a meaningful review of the magistrate's findings of fact, objections thereto and the magistrate's decision."
 {¶ 9} "[2.] The [c]ourt erred in overruling the objections of [a]ppellant and in adopting the decision of the magistrate rather than deciding for HMP based upon undisputed facts since in the absence of a record it ignored the only affidavit filed describing the evidence and instead found as fact that which was not contained in either parties' [p]roposed [f]indings or [a]ppellant's affidavit in support of its objections."
 {¶ 10} "[3.] The [c]ourt adopted the decision of the magistrate that was unsupported by evidence and both ignored and misapplied the law of contracts."
 {¶ 11} "[4.] The [c]ourt erred in failing to grant [a]ppellant HMP's request for time to obtain an attorney to represent the corporation."
 {¶ 12} R.C. 1925 et seq. governs the proceedings in a small claims court. R.C. 1925.16 provides that, "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, * * *." Civ.R. 1(C) states, "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925, Revised Code, * * *." Small claims courts are subject to the requirements of Civ.R. 53. Rush v. Schlagetter (April 15, 1997), 4th Dist. No. 96CA2215, 1997 Ohio App. LEXIS 1560, 9.
 {¶ 13} Civ.R. 53(D)(2) provides, "Except as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court."
 {¶ 14} At least one case holds that, in the absence of a request from a party, it is not error for the small claims court to fail to record its proceedings. See, Bethke v. 12900 LakeAvenue Condominium Ass'n. (Sept. 7, 2000), 8th Dist. No. 76774, 2000 Ohio App. LEXIS 4053. However, this case fails to take note of the requirements of Civ.R. 53(D)(2).
 {¶ 15} We have consistently admonished magistrates for failing to provide a formal record. See, Swarmer v. Swarmer
(Dec. 18, 1998), 11th Dist. No. 97-T-0212, 1998 Ohio App. LEXIS 6153, at 5;[2] Moyers v. Moyers (June 18, 1999), 11th Dist. No. 98-A-0080, 1999 Ohio App. LEXIS 2821, 7.[3]
 {¶ 16} Because the requirement of Civ.R. 53(D)(2) is not inconsistent with the procedures established in R.C. 1925 et seq., nor clearly inapplicable to small claims court under Civ.R. 1(C), the magistrate was required to provide a procedure for recording the proceedings at issue. A review of the Local Rules of Court for the Mentor Municipal Court demonstrates that court has not established a procedure to comply with the requirements of Civ.R. 52(D)(2). The magistrate erred in failing to comply with the requirements of Civ.R. 52(D)(2).
 {¶ 17} Although we hold Civ.R. 53(D)(2) applies to small claims proceedings, we note there are many means by which a magistrate may fulfill this requirement. As stated in the Staff Notes to Civ.R. 53, "The rule is not meant to limit courts to particular recording means, but to emphasize that, as judicial officers of courts of record, magistrates should conduct proceedings before them on the record." Sup. R. 11(A) provides that "Proceedings before any court * * * may be recorded by stenographic means, phonogramic means, photographic means, audio electronic recording devices, or video recording systems."
 {¶ 18} While we recognize small claims courts are meant to provide a cost effective means of resolving disputes of small monetary value, we do not believe the costs of fulfilling the requirements of Civ.R. 53(D)(2) will impose undue burden on the small claims system. Given the state of today's technology, the courts can provide a record of proceedings by many cost effective means. The instant case aptly demonstrates the benefit a record will provide to litigants. Appellant's first assignment of error has merit.
 {¶ 19} In its second and third assignments of error, HMP essentially argues the trial court's judgment adopting the magistrate's decision was against the manifest weight of the evidence. We agree.
 {¶ 20} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 21} "A party bringing an action for breach of contract must demonstrate the following: (1) the existence of a binding contract or agreement; (2) that the nonbreaching party performed its contractual obligations; (3) that the other party failed to fulfill its contractual obligations without legal excuse; and (4) that the non-breaching party suffered damages as a result of the breach." Regency Centre Dev. Co., Ltd. v. Constr. Dimensions,Inc., 8th Dist. No. 81171, 2003-Ohio-5067, ¶ 11.
 {¶ 22} Because we have no record of the proceedings before the magistrate, we must first determine what evidence we may properly consider in resolving this appeal. Civ.R.53(E)(3)(c) provides, "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." In the instant case, HMP submitted an affidavit setting forth the evidence presented to the magistrate. Appellee failed to file an affidavit setting forth the evidence it presented to the magistrate to establish its claim. Although appellee did submit a statement of facts, these facts were not presented in the form of an affidavit. Thus, the trial court could not properly consider appellee's narrative statement of facts in ruling on HMP's objections.
 {¶ 23} On appeal, HMP submitted a narrative statement of the evidence pursuant to App.R. 9(C), including the affidavit submitted in support of its objections to the magistrate's decision. Appellee did not serve objections or proposed amendments to HMP's statement of the evidence. Thus, the only evidence properly before this court is HMP's statement of the evidence.
 {¶ 24} The evidence reveals appellee did not testify it had a contract with HMP but only with Hegler. The evidence also establishes that, even assuming HMP contracted with appellee, it did so only as Hegler's disclosed agent, and therefore HMP was not liable for Hegler's breach of contract. James G. Smith Assoc., Inc. v. Everett (1981), 1 Ohio App.3d 118, 120.[4]
 {¶ 25} The magistrate also found that "Defendants would be unjustly enriched by the services they received from Plaintiff * * *, if they are not required to pay for these services." However, there is no evidence properly before this court to establish HMP received any benefit from appellee's services. The benefit flowed only to Hegler. Further, the magistrate found a contract existed between appellee and HMP. The doctrine of unjust enrichment does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract. See, generally, Rice v. Wheeling Dollar Sav. Trust Co. (1951), 155 Ohio St. 391, 396-397;[5] Scarberryv. Ailiff (Mar. 9, 1984), 11th Dist. No. 1347, 1984 Ohio App. LEXIS 9692, at 4-5.
 {¶ 26} The evidence before this court does not establish HMP breached a contract with appellee. The trial court's judgment is against the manifest weight of the evidence and HMP's second and third assignments of error are sustained.
 {¶ 27} Our resolution of HMP's first three assignments of error renders its fourth assignment of error moot.
 {¶ 28} For the foregoing reasons the judgment of the Mentor Municipal Court is reversed, and this matter is remanded with instructions that the trial court enter judgment in favor of HMP on appellee's claim.
Ford, P.J., Grendell, J., concur.
[1] Hegler did not appear at the trial nor is he a party to this appeal.
[2] There we stated:
"This court notes that it has made it abundantly clear to the judges of this trial court that a renewed practice of not providing a formal record of the proceedings before the magistrates of that court would not be countenanced, except under the most narrow of justifiable circumstances, viz. the unknown malfunction of an official reporting devise."
[3] We noted: "* * * Civ.R. 53(D)(2) was adopted in part to assure that there is no shoddy or irregular practice regarding the recording of magistrate's hearings throughout the state."
[4] Stating:
"Where the agent is acting for a disclosed principal, i.e., where both the existence of the agency and the identity of the principal are known to the person with whom the agent deals, an agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes."
[5] The court stated:
{¶ a} "A true contract may be defined as one where the consent of the contracting parties produces the obligation. It is apparent that the allegations of the petition herein do not disclose such a contract. However, we believe that such petition does contain allegations which show at least quasi-contractual obligations on the part of the appellants.
{¶ b} "Briefly, a quasi contract is an obligation imposed by law to promote justice and to prevent fraud or wrongdoing. It has also been defined as a fiction of law whereby a promise is imputed to perform an act such as the repayment of money procured for a fraudulent or wrongful purpose.
{¶ c} "Quasi contracts are most often implied in situations involving unjust enrichment or restitution. See 3 Ohio Jurisprudence, 768, Section 7; * * *.
{¶ d} "For a dissertation on the various kinds of contracts, reference is made to the cases of Columbus, Hocking Valley Toledo Ry. Co. v. Gaffney, 65 Ohio St. 104, 113 * * * andHummel, Sr. v. Hummel, 133 Ohio St. 520, 525 * * *. The opinion in the latter case, written by Judge Williams, discusses the subject interestingly and instructively as follows:
{¶ e} "There are three classes of simple contracts; express, implied in fact, and implied in law. Keener on Quasi Contracts (1893), 3. In express contracts the assent to its terms is actually expressed in offer and acceptance. In contracts implied in fact the meeting of the minds, manifested in express contracts by offer and acceptance, is shown by the surrounding circumstances which make it inferable that the contract exists as a matter of tacit understanding. In contracts implied in law there is no meeting of the minds, but civil liability arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain and for which he may be made to respond to another in an action in the nature of assumpsit. Contracts implied in law are not true contracts; the relation springing therefrom is not in a strict sense contractual but quasi contractual or constructively contractual. In truth contracts implied in law are often called quasi contracts or constructive contracts. Columbus, Hocking Valley Toledo Ry. Co. v. Gaffney, 65 Ohio St. 104 * * *."