OPINION
{¶ 1} Appellant, Charles Sonoga, appeals from the July 30, 2004 judgment entry of the Trumbull County Court of Common Pleas, denying his request for a writ of mandamus.
 {¶ 2} On October 30, 2003, appellant filed a "Complaint for Writ of Mandamus" against appellee, Trumbull County Child Support Enforcement Agency. On November 21, 2003, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted and for failure to comply with R.C. 2731.04 because it was not brought in the name of the state and was not verified. On December 4, 2003, appellant filed an "Amended Complaint for Writ of Mandamus."
 {¶ 3} A hearing was held before a magistrate on December 18, 2003. Pursuant to the trial court's December 18, 2003 judgment entry, the parties agreed that appellee would submit copies of requested records with claimed exemptions for the purpose of an in-camera inspection by January 9, 2004.
 {¶ 4} According to his March 31, 2004 decision, the magistrate determined that by agreement of the parties, appellee had submitted all applicable records, including all paper records and a cassette tape recording, to appellant for the purpose of an in-camera inspection. The magistrate indicated that the disclosure of certain personal information contained on a "Child/Spousal Support Information Sheet" is prohibited by R.C. 3125.50, and, thus, redacted that information. The magistrate stated that since appellee has voluntarily complied with appellant's request for records, he recommended that issuance of a writ of mandamus is unnecessary and that this action should be dismissed. On April 14, 2004, appellant filed an objection to the magistrate's decision. A hearing on the objections took place on May 27, 2004, before the trial court.
 {¶ 5} Pursuant to its July 30, 2004 judgment entry, the trial court adopted the magistrate's decision. The trial court determined that because appellee has voluntarily complied with appellant's request for records, appellant's request for a writ of mandamus is denied. The trial court stated that the costs were waived. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] The dismissal of [w]rit of [m]andamus claiming that [appellee] complied when in fact they had plenty of opportunity to comply before [appellee was] told to comply.
 {¶ 7} "[2.] Court did not record proceedings as required by Civ.R. 53(D)(2).
 {¶ 8} "[3.] Court refusing to accept [a]ppellant's affidavit of court proceedings for lack of transcript.
 {¶ 9} "[4.] Court [r]efusal to follow Rules of Evidence.
 {¶ 10} "[5.] Information is still missing or not included.
 {¶ 11} "[6.] Court did not award even the cost of documents and or copies for litigation expenses.
 {¶ 12} "[7.] Court did not award attorney fees.
 {¶ 13} "[8.] [Appellee] proved that they did not comply and still have not complied.
 {¶ 14} "[9.] Court is biased.
 {¶ 15} "[10.] Court went behind the back of [a]ppellee calling Valley Coun[s]eling[.] Things are to be done before the court and on the record and open to the public."
 {¶ 16} The foregoing ten assignments of error raised by appellant stem from the denial of his request for a writ of mandamus. For the sake of clarity, appellant's assignments of error will be addressed out of order.
 {¶ 17} Because appellant's second and third assignments of error are interrelated, we will address them in a consolidated manner. In his second assignment of error, appellant contends that the trial court did not record proceedings as required by Civ.R. 53(D)(2). In his third assignment of error, appellant alleges that the trial court erred by refusing to accept his affidavit of magistrate proceedings because of the lack of a transcript.
 {¶ 18} Civ.R. 53(D)(2) provides that: "* * * all proceedings before the magistrate shall be recorded in accordance with procedures established by the court."
 {¶ 19} Civ.R. 53(E)(3)(c) states in part that: "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 20} We stated in Moyers v. Moyers (June 18, 1999), 11th Dist. No. 98-A-0080, 1999 Ohio App. LEXIS 2821, at 6-7, quoting Swarmer v. Swarmer
(Dec. 18, 1998), 11th Dist. No. 97-T-0212, 1998 Ohio App. LEXIS 6153, at 5, that:
 {¶ 21} "`[w]e trust that, pursuant to the mandate of Civ.R. 53(D)(2), and its purpose, magistrates in our district will prospectively record all proceedings before them.
 {¶ 22} "`This court notes that it has made it abundantly clear to the judges * * * that a renewed practice of not providing a formal record of the proceedings before magistrates * * * would not be countenanced, except under the most narrow of justifiable circumstances, viz. the unknown malfunction of an official reporting device. Such omissions could provide the basis for mandamus actions, as well as the spectrum of contempt. * * *'" (Emphasis sic.)
 {¶ 23} In the case at bar, pursuant to Civ.R. 53(E)(3)(c), appellant provided an affidavit which was filed with his objections to the magistrate's decision. In his affidavit, appellant indicated that the hearing held before the magistrate was not recorded. Appellant maintained that a caseworker for appellee stated at the hearing that he was given all relevant information but appellant contended that he was only given a portion.
 {¶ 24} We note that appellee failed to provide a brief with this court to counterbalance any of appellant's contentions.
 {¶ 25} "Civ.R. 53(D)(2) was adopted in part to assure that there is no shoddy or irregular practice regarding the recording of magistrate's hearings throughout the state." Moyers, supra, at 7. Here, the magistrate failed to record the hearing, and, thus, did not comply with the requirements of Civ.R. 53(D)(2). See All Occasion Limousine v. HMPEvents, 11th Dist. No. 2003-L-140, 2004-Ohio-5116, at ¶ 16. Appellant's second and third assignments of error are with merit.
 {¶ 26} Based on our analysis with respect to appellant's second and third assignments of error, appellant's first and fourth through tenth assignments of error are rendered moot.
 {¶ 27} For the foregoing reasons, appellant's second and third assignments of error are well-taken, and appellant's first and fourth through tenth assignments of error are rendered moot. The judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Rice, J., concurs,
Grendell, J., dissents.