[Cite as *5500 S. Marginal Way, L.L.C. v. Parker*, 2022-Ohio-1071.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

5500 SOUTH MARGINAL WAY,
LLC, ET AL.,                                     :

      Plaintiffs-Appellants,          :

      v.                              :

ERICK A. PARKER, ET AL.,                         :

      Defendants-Appellees.           :

No. 110736

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  March 31, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-916379

---

### *Appearances:*

Bower Stevenson, LLC, and Justin Stevenson, *for appellants*.

Erick A. Parker, *pro se*.

---

SEAN C. GALLAGHER, A.J.:

{¶ 1}  Plaintiffs-appellants 5500 Marginal Way, L.L.C., 18419 Euclid Avenue, LLC, Robert F. Sprowls, and Eric Susa challenge the judgment of the trial court, reentering default judgment against defendants-appellees Erick A. Parker

and 3rd Financial Service Corporation ("Third Financial") but declining to award damages based on the credibility of evidence submitted. We affirm.

{¶ 2} This is the second appeal stemming from a judgment in which the trial court concluded that appellants failed to prove damages after conducting a damages hearing upon an entry of default. *5500 S. Marginal Way, L.L.C. v. Parker*, 8th Dist. Cuyahoga No. 109767, 2021-Ohio-1410. Sprowls owns 5500 South Marginal Way, LLC, and 18419 Euclid Avenue, LLC. Susa is the vice president of, and maintains a 50 percent ownership interest in, 5500 South Marginal Way, LLC, which owns the commercial property at "5500 South Marginal Way" located in Cleveland, Ohio.

{¶ 3} Parker owned and operated Third Financial, an entity incorporated under Ohio law, which originated and secured mortgages for residential borrowers. Parker claimed at the damages hearing that Third Financial no longer existed.

{¶ 4} In early 2013, Parker agreed to permit Susa to open a "net branch" office[1] ("5500 Branch") operating under Third Financial's Nationwide Mortgage Licensing System license. Susa was designated the manager of the 5500 Branch, which generated $53,611 in branch revenue from closing 14 loans over the year and half that the 5500 Branch conducted business with its seven employees. Originally, appellants sought $63,611 in unpaid revenues, but at the damages hearing, Susa

---

[1] The parties have not provided a definition of "net branch," "a term of art in the mortgage industry." *Lehman Bros. Holdings v. Gateway Funding Diversified Mtge. Servs., L.P.*, 989 F.Supp.2d 411, 422 (E.D.Pa.2013).

testified that $10,000 had been paid by Third Financial. That amount had not been included in the requested damages until the trial court asked Susa about the damages calculation.

{¶ 5} Appellants claim that Third Financial agreed to pay all expenses associated with operating the 5500 Branch, including advertising necessary to obtain client leads, employee payroll for the 5500 Branch, and commission payments to loan officers, totaling $95,748. Susa, however, testified that at the beginning of the parties' relationship, Susa was under the impression that appellants would initially cover the operating expenses and costs to open the net branch. According to Susa, once he discovered an administrative rule required Third Financial to pay the operational expenses of the net branch, appellants attempted to have Third Financial and Parker repay 5500 Marginal Way, LLC for the operating expenses it paid.

{¶ 6} In this appeal, appellants cite Ohio Adm. Code 1301:8-7-02(E)[2] as the basis for Third Financial's requirement to pay for the 5500 Branch's operating expenses, including "compensation of branch office employees, and payments for equipment, furniture, office rent, utilities, advertising and other similar expenses incurred in operating a mortgage broker business." *Id*. The compensation of the branch manager could be based on the income of the branch less the operating costs "as long as the ultimate responsibility and payment of those operating expenses

---

[2] The current version of this administrative code provision was effective Jan. 4, 2016, but the earlier version in effect at the time of the underlying events contained the same language under division (H)(2).

remains the responsibility of the registrant," which in this case is Third Financial, the entity owning all assets and liabilities of the branch office. *Id.* According to Susa at the damages hearing, that law meant that appellants did not need any contractual agreement with Parker or Third Financial to recoup the expenses and rents paid.

{¶ 7} According to the allegations in the complaint,

> Third Financial did not have the capital to fund the opening of the 5500 Branch or to cover the expenses necessary. Appellants therefore agreed to loan to Parker and Third Financial the monies necessary by directly funding and paying for the advertising, employee payroll, and other necessary expenses. Sprowls and Susa funded these amounts themselves. Sprowls also directed 5500 Marginal Way, L.L.C. and 18419 Euclid Avenue, L.L.C. to fund certain amounts for [Third Financial].

> Appellants alleged that appellees agreed to repay such amounts to appellants and further alleged that appellees agreed to provide appellants with a significant percentage of the revenue earned by Third Financial via the 5500 Branch.

> Third Financial also entered into a lease with 5500 South Marginal Way L.L.C., which was attached to [the] complaint. Under the lease, Third Financial was obligated to pay $11.76 per square foot of rentable space, or $4,998 per month for a total of $59,976 per year. The lease was for a term of five years, commencing on January 1, 2013. Third Financial did not make any payments under the lease.

*5500 S. Marginal Way, L.L.C.*, 8th Dist. Cuyahoga No. 109767, 2021-Ohio-1410, at ¶ 5-7.

{¶ 8} Attached to the complaint was the January 2013 – December 2018 rental agreement between the landlord, 5500 Marginal Way, L.L.C. (signed by Sprowls), and the tenant, "Third Financial" (signed by Susa as Third Financial's Branch Manager). The 5500 Branch ceased operations in September 2014 when

Parker and appellants parted ways, and the building was not rented for the duration of the lease agreement. There were some attempts to rent the property to another mortgage company to no avail. Susa claimed the building was specifically designed and the office space built for a mortgage office, limiting the rental options. At the damages hearing, Susa claimed that Third Financial failed to pay $330,480 in unpaid rent for the five-year duration of the lease agreement, although that requested amount determined at the damages hearing by Susa differed from the amount listed in the exhibits. According to the lease attached to the complaint, however, the lease agreement between "Third Financial" and 5500 Marginal Way, L.L.C. "commence[d] on January 1, 2013 and terminate[d] on December 31, 2018[,]" a duration of six years. It is unclear from where the five-year term originated.

{¶ 9} In the complaint, appellants advanced claims of fraud, breach of contract regarding a loan, unjust enrichment, and breach of contract regarding a lease.

{¶ 10} In the earlier appellate proceeding, it was noted that

[a]ppellees were properly served with the complaint and failed to file an answer or otherwise defend against the claims. Appellants then moved for default judgment, which was granted by the trial court.[3]

---

[3] Although the panel referred to the trial court "granting default" under Civ.R. 55(A), and setting the matter for a damages hearing, the panel's description does not completely delve into the nuance of the rule. In this case, the trial court's journal entry granting the motion for default but declining to award damages created ostensible confusion since a "judgment by default" (entered upon a written motion) encompasses both the failure to plead or otherwise defend the action and a determination of the damages owed, if any. Staff Notes, Civ.R. 55. The trial court's entry granting the motion for default, however, must be considered as finding the defendants in default of an answer, but the appellants having failed to prove credible damages lead the court into entering an award of no damages. Even in a jury trial, the trier of fact must determine the

The entry further stated that damages would be determined at a hearing.

At the subsequent damages hearing, appellants presented evidence to support the losses they suffered as a result of appellees' actions. Appellants presented the testimony of Susa and offered Exhibits A, B, C, and D, which were admitted without objection. Exhibit A was a spreadsheet of the damages evidenced by Exhibits B, C, and D. Exhibit B was a copy of the lease pages in appellants' possession and a summary of the damages incurred as a result of the breach of the lease. Exhibit C was a copy of all statements for loans closed by the 5500 Branch and a summary of the monies owed to [Marginal Way] resulting therefrom. Exhibit D was a copy of all canceled checks and payment receipts in appellants' possession reflecting expenses for which [they] paid on appellees' behalf and a summary of all canceled checks.

* * *

Following the hearing, the court entered judgment reiterating its granting of the default judgment and further finding that appellants had not presented credible evidence of damages. The court noted that while appellants' complaint alleges damages pursuant to a contract between the parties, [they] did not produce any document signed by appellees nor did they demonstrate the existence of any other agreement. Appellants' witness testified that he did not have a lease, loan agreement, or agreement to pay expenses, and further stated that he could not find any email from appellees regarding any monetary agreement between the parties. The court ultimately found that appellants were unable to produce any credible evidence of damages precipitated by appellees actions and that appellants failed to produce evidence sufficient to support an award of damages.

---

amount of damages independent of any breach of a contract. *Skycasters, LLC v. Kister*, 9th Dist. Summit No. 29660, 2021-Ohio-4154, ¶ 44 (although the plaintiff proved a breach of the contract, the jury's award of zero damages was not against the weight of the evidence). The failure to defend does not entitle a plaintiff to damages solely because liability was not contested. Notwithstanding, appellants' sole argument pertains to weight of the evidence presented at the damages hearing such that any concerns with the procedural posture created by the trial court's stated decision are beyond the scope of our review. App.R. 16(A)(7).

*5500 S. Marginal Way, L.L.C.*, 8th Dist. Cuyahoga No. 109767, 2021-Ohio-1410, at ¶ 10-11, 13.

{¶ 11} In *5500 S. Marginal Way, L.L.C.*, it was claimed that the trial court erred by reviewing the liability determination at the damages-only hearing under Civ.R. 55, and in the alternative, that the trial court erred in disregarding the "extensive" evidence of damages in support of the claims presented at the evidentiary hearing. *Id.* The panel held that "although the trial court initially entered default judgment against appellees, the judgment was not final; and as a result, the trial court was permitted to revisit its decision." *Id.* at ¶ 21, citing *Caryn Groedel & Assocs. Co., L.P.A. v. Crosby*, 8th Dist. Cuyahoga No. 93619, 2010-Ohio-3314. Despite affirming the trial court's conclusion with respect to the contractual claims, the panel concluded that the trial court failed to resolve the remaining claims for damages stemming from the fraud or unjust enrichment, claims considered in the absence of or separate from a binding contractual agreement. *Id.* at ¶ 23. Accordingly, the matter was remanded for the limited purpose of permitting the "trial court to address whether appellants are entitled to damages on their fraud and/or unjust enrichment claims and, if so, in what amount." *Id.* at ¶ 24, 26.

{¶ 12} Upon remand, after conducting telephonic pretrial conferences, the trial court issued a decision based on the evidence and arguments presented at the original damages hearing, concluding that appellants had not presented credible evidence of damages upon the fraud and unjust enrichment claims.

{¶ 13} In this appeal, appellants advance a single assignment of error in which it is claimed that the trial court erred by disregarding the "legitimate, credible, uncontroverted evidence presented" at the damages hearing because "at a damages hearing, the only question that remained was the amount of damages to be awarded." Thus, the appellants are challenging the trial court's credibility determination with respect to the evidence presented in favor of a damages award. Appellants ask this court to reverse the decision of the trial court and enter a remand order requiring the trial court to enter a judgment in the amount of $479,839 in damages in their favor.

{¶ 14} "In conducting a hearing on damages, the trial court has broad discretion in assessing the weight and credibility of the evidence of damages." *Skiver v. Wilson*, 2018-Ohio-3795, 119 N.E.3d 969, ¶ 18 (8th Dist.), citing *Arendt v. Price*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, ¶ 16. "[T]here is no requirement that a trial court award damages based upon the estimates provided." *Id.*, citing *Sotnyk v. Guillenno*, 6th Dist. Lucas No. L-13-1198, 2014-Ohio-3514. The trial court has the discretion to believe "all, part, or none of the testimony of any witness who appeared before it," and "the mere fact that testimony is uncontroverted does not necessarily require a trier of fact to accept the evidence if [it] found that the testimony was not credible." *Id.*, quoting *Bradley v. Cage*, 9th Dist. Summit No. 20713, 2002 WL 274638, *2 (Feb. 27, 2002). The discretionary review of the credibility of the witness is to be distinguished from a situation in

which the trier of fact expressly disregards the evidence by concluding that there was no evidence presented to establish damages. *Id.* at ¶ 15.

{¶ 15} In this case, the trial court expressly concluded that it found appellants' evidence in support of the damages to be incredible. Our review in this situation is extremely narrow. When reviewing the weight of the evidence, the reviewing court "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, [the trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *.'" S*tate v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17 (applying the *Thompkins* standard in civil cases).

{¶ 16} One issue needs clarification. We need not readdress the contractual claims in this appeal. The remand order from *5500 S. Marginal Way, L.L.C.,* was limited to reviewing the damages upon the fraud and unjust enrichment claims, and the trial court was precluded from revisiting the contract claims under the law of the case. *5500 S. Marginal Way, L.L.C.*, 8th Dist. Cuyahoga No. 109767, 2021-Ohio-1410, at ¶ 21, 24 (after concluding that the trial court was permitted to revisit the merits of the contractual claim at the damages hearing, the panel concluded that "[t]he judgment of the trial court is reversed, and this matter is remanded to the trial court to address whether appellants are entitled to damages on their fraud and/or

unjust enrichment claims and, if so, in what amount."); *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1 ("The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels."), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The only issue upon remand was whether appellants were entitled to damages on the unjust enrichment or fraud claims, which would preclude the court from revisiting the question of the damages upon contractual claims themselves.

{¶ 17} Nevertheless, based on the arguments presented, this is not the exceptional case warranting appellate intervention into the credibility determination. Appellants focus on the evidence presented in support of damages at the evidentiary hearing, claiming the trial court disregarded the uncontroverted evidence. The trial court, however, expressly considered the evidence but deemed that evidence to be incredible.

{¶ 18} There is no evidence of damages with respect to the allegations of fraud independent of the damages from breach of the parties' alleged agreements as a matter of law. *United States Bank Natl. Assn. v. MMCO, LLC*, 8th Dist. Cuyahoga No. 110246, 2021-Ohio-4605, ¶ 53 (in order to support a fraud claim based on inducement to enter a contract, a plaintiff must present actual damages attributed to the fraudulent acts that are in addition to the damages for the breach of a contract). The damages presented based on the unreturned operational expenses, the unpaid rents, and the unpaid revenues are all derived from damages stemming

from the alleged written or oral agreements in which appellants agreed to loan Third Financial and Parker the funds to support the operational expenses. Any claims for damages stemming from the fraud based on those agreements must therefore be in addition to the damages presented for the breach of the agreements. "'The existence of a contract action excludes the opportunity to present the same case as a tort claim.'" *Id.*, quoting *Stancik v. Deutsche Natl. Bank*, 8th Dist. Cuyahoga No. 102019, 2015-Ohio-2517, ¶ 40, and *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 684 N.E.2d 1261 (9th Dist.1996).

{¶ 19} Although the matter was also remanded for consideration of the unjust enrichment claim, appellants' focus in this appeal is upon the contractual claims. According to the appellants, the trial court erred by not permitting Susa to establish the existence and scope of a lost contract under Evid.R. 1004. The "'doctrine of unjust enrichment does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract.'" *Euclid Asphalt Paving Co. v. Pricom Asphalt Sealcoating, Inc.*, 11th Dist. Lake No. 2004-L-175, 2005-Ohio-7049, ¶ 52, quoting *All Occasion Limousine v. HMP Events*, 11th Dist. Lake No. 2003-L-140, 2004-Ohio-5116, at ¶ 25. Even if we considered the trial court's conclusion that no binding contract exists as between the parties, the trial court determined that the damages presented were not credible. Thus, our review is limited to determining whether the trier of fact lost its way in deeming the evidence to be incredible.

{¶ 20} Appellants cite *West v. Shattuck*, 12th Dist. Clinton No. CA86-02-003, 1986 Ohio App. LEXIS 9272, 5 (Dec. 1, 1986), in support of its claim that the evidence presented at the damages hearing was uncontested and that a trial court abuses its discretion in disregarding the evidence. *West* is unpersuasive. In that case, the appellate panel failed to identify the standard of review upon which its conclusion was based. Without identifying the standard of review, the case cannot be relied upon to consider whether the trial court in this case rendered a decision that was against the weight of the evidence.

{¶ 21} Appellants' reliance on *Ohio Dist. Council v. Speelman*, 2018-Ohio-4388, 114 N.E.3d 285, ¶ 30 (12th Dist.), is equally unavailing. In that case, the panel reviewed whether the trial court applied the correct measure of damages to the claims as presented, an issue that is reviewed de novo. *Id.* at ¶ 30. Relying on *Shattuck,* the panel concluded that "a trial court abuses its discretion when it awards nominal damages when credible evidence of damages is presented at trial." *Id.* at ¶ 37, citing *Shattuck*; *see also Chuparkoff v. Ohio Title Loans*, 9th Dist. Summit No. 29008, 2019-Ohio-209 (award of nominal damages in error when plaintiff presented evidence of actual damages). Thus, according to *Speelman*, if a court awards nominal damages claiming that the defendant has demonstrated damages, then a trial court errs by applying an incorrect measure of damages to determine the actual damages. *Id.* at ¶ 41. In this case, the trial court did not award damages based on its credibility assessment of the witness and his supporting documentation.

There are no arguments that the trial court applied the incorrect measure of damages.

**{¶ 22}** A trier of fact is free to believe all, some, or none of a witness's testimony, and documentary evidence submitted through that witness is subject to the same scrutiny. In this case, the trial court expressly found the evidence introduced in support of the damages claim to be incredible, a decision within the trial court's discretion when sitting as the trier of fact. In light of the arguments made, we cannot conclude that the trier of fact lost its way in considering the credibility of the appellants' witness and supporting documentation relied on by that witness. Appellants' arguments do not demonstrate that the trier of fact lost its way.

**{¶ 23}** We affirm.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR