[Cite as *McQueen v. Amazon*, 2022-Ohio-3491.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TAYLOR McQUEEN | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| and | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| GUILLERMO MARTINEZ, JR. | |
| Plaintiffs-Appellants | Case No. 2022 CA 00039 |
| -vs- | |
| AMAZON | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Municipal
                              Court, Civil Division, Case No. 21 CVE
                              01180

JUDGMENT:                     Reversed and Final Judgment Entered

DATE OF JUDGMENT ENTRY:       September 28, 2022

APPEARANCES:

For Plaintiffs-Appellants              For Defendant-Appellee

C. JOSEPH McCOY                        AMAZON
McCoy & McCoy, Attorneys at Law, LLC   11999 National Road, S.W.
57 East Main Street                    Pataskala, Ohio 43062
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Plaintiffs-appellants Taylor McQueen and Guillermo Martinez, Jr. ("McQueen" and "Martinez," individually and "Appellants," collectively) appeal the May 23, 2022 Judgment Entry entered by the Licking County Municipal Court, Civil Division, which awarded them $0 in damages, following a damages hearing held after the trial court granted default judgment in their favor. Defendant-appellee is Amazon.[1]

STATEMENT OF THE FACTS AND CASE

{¶2} On November 25, 2020, Amazon employees delivered a bed frame to Appellants' residence. As they were carrying the bed frame into the residence, the package struck a ceiling light which fell and struck McQueen on the head. McQueen went to the emergency department at Licking Memorial Hospital. She testified she was diagnosed with a brain injury. McQueen missed several days of work due to her injuries. McQueen stated she continues to have issues with her memory, difficulty sleeping, and headaches.

{¶3} On May 28, 2021, Appellants filed a complaint in the Licking County Municipal Court, naming Amazon as defendant. Amazon failed to respond to the complaint. Appellants filed a motion for default judgment on July 23, 2021, which the trial court granted on August 3, 2021.

{¶4} The trial court conducted a hearing on damages on October 11, 2021.

{¶5} McQueen detailed the events giving rise to the complaint. On November 25, 2020, while Amazon delivery workers were carrying boxes containing a bed frame into Appellants' residence, they hit the ceiling light fixture with one of the packages. As a

---

[1] Amazon has not filed a brief or otherwise participate in this Appeal.

result, the glass part of the fixture broke, fell from the ceiling, and struck McQueen on the head. McQueen sought medical treatment for her injuries that same day. McQueen stated, after medical personnel performed a CT scan, she was diagnosed with a concussion and discharged with instruction to follow-up with a neurologist the following week. McQueen treated with the neurologist through February, 2021. She indicated she experienced migraines, muscle weakness and numbness, and difficulty focusing.

{¶6} McQueen identified the medical bills she received for her treatment, which totaled $6,223.50. She stated she had not paid any of the medical bills. McQueen testified she missed several days of work due to her injuries.[2] She also identified her certified medical records from Licking Memorial Hospital and the neurologist. McQueen indicated, as of the date of the hearing, October 11, 2021, she continued to experience migraines, memory issues, and difficulty breathing when she sleeps.

{¶7} Martinez testified he was at home, working in the basement, on November 25, 2020, when he heard a loud thud, then McQueen crying and calling his name. He ran upstairs to her aid. He identified photographs of the ceiling light fixture, before and after the incident. Martinez conducted an internet search to ascertain the cost to replace the fixture and the labor costs to install it. He stated a replacement fixture would cost between $300-$400, based upon his search on various websites. The labor costs ranged from $95 to $230. Martinez also described McQueen's initial injuries and the lingering symptoms she suffered as a result of the incident.

{¶8} Following a brief argument by counsel for Appellants, the trial court took the matter under advisement.

---

[2] The record fails to establish the amount of wages McQueen claims to have lost.

**{¶9}** Via Judgment Entry filed May 23, 2022, the trial court awarded no damages to Appellants. The trial court found the documents and records pertaining to McQueen's medical treatment and diagnosis were inadmissible hearsay and not properly authenticated. The trial court further found the evidence presented relative to McQueen's medical bills and lost wages lacked specificity and documentation, and the evidence relative to the replacement and installation of a new ceiling light fixture was vague and ambiguous.

**{¶10}** It is from this judgment entry Appellants appeal, raising the following assignments of error:

THE TRIAL COURT'S ORDER AWARDING $0 DAMAGES AFTER A DEFAULT JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *JUDGMENT ENTRY DATED MAY 23, 2022, P. 6.*

**{¶11}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶12}** This appeal shall be considered in accordance with the aforementioned rule.

I

**{¶13}** In their sole assignment of error, Appellants contend the trial court's order awarding $0 in damages following default judgment was against the manifest weight of the evidence. Specifically, Appellants assert the trial court erred in requiring expert medical testimony to establish McQueen's injury and damages. Appellant further argue the trial court erred in awarding $0 in damages for the ceiling light fixture.

**{¶14}** In its May 23, 2022 Judgment Entry, the trial court stated:

[T]he Court has already found the defendant corporation to be liable for the damages caused by the delivery personnel who damaged the ceiling light and injured McQueen. In attempting to establish damages, the plaintiff sought to introduce documents and records pertaining to McQueen's medical treatment. The Court and plaintiff's counsel discussed the issues of admissibility as to hearsay considerations. The plaintiffs rely on Rule 803(6) of the Ohio Rules of Evidence and R.C. 3701.75 for the proposition that the medical records may be admitted into evidence and considered by the Court to determine damages.

This reliance, however[,] is misplaced. While the rules of evidence allow for the admission of a record made of conditions at or near the time they occur, by a person with knowledge, which are kept in the regular course of a business, "the great weight of authority in Ohio holds that medical opinions and diagnoses are not within the hearsay exception of Ruld [sic] 803(6)." *Williams v. Minute Men Select, Inc.*, 5th Dist. Tuscarawas Nos. 2016 AP 03 0016 and 2016 AP 04 0020, 2016-Ohio-7509, quoting *Melton v. Gray*, 5th Dist. Licking No. 15-CA-33, 2016-Ohio-194.

The Fifth District Court of Appeals has applied a multipronged test to assess the admissibility of medical diagnoses and opinions through the "regularly kept records" exception to the hearsay rule.

* *

Although Plaintiffs' Exhibits 9-a and 9-b, the medical records of McQueen's treatment and diagnosis, have a certification from an LMH employee that is notarized, the records do not meet all of the criteria required by the Court of Appeals to render them admissible. Of note, there is no indication that the diagnosis was made based on well-known and accepted objective testing and examining practices which are not of such a technical nature as to require cross-examination.

As for authentication, the records are lacking as well.

* *

The Court finds that the records do not qualify as an electronic health care record. Furthermore, the records in Plaintiffs' Exhibits 9-a, 9-b, and 10

appear to contain electronic signatures of the health care professionals who treated McQueen. However, the plaintiffs have not introduced any evidence that the entity responsible for creating and maintaining the records have adopted a policy that permits the use of electronic signatures. Nor have they established that the policy meets all of the statutory requirements to permit authentication of the medical records offered.

For the reason that the plaintiffs have not established that the records of McQueen's medical diagnosis meet the requirements to qualify as an exception pursuant to Rule 803(6) or R.C. 3701.75, Plaintiffs' Exhibits 9-a, 9-b, 10, and 11 are stricken from the record.

**{¶15}** May 23, 2022 Judgment Entry at 3-6.

**{¶16}** It is well established "[a] defendant's failure to timely respond to a complaint constitutes an admission the allegations in the complaint are true." *Bingham v. Slabach*, 5th Dist. Stark Nos. 2008-CA-0085, 2008-CA-0086, 2008-Ohio-5555, ¶ 32, citing *Sokol v. Spigiel,* 9th Dist. Lorain App. No. 05CA008839, 2006–Ohio–4408, ¶ 14. "Once a default judgment has been entered, the only remaining triable issue is the amount of damages." *Sokol*, supra, citing Girard *v. Leatherworks Partnership,* 11th Dist. Trumbull App. No. 2004-T-0010, 2005-Ohio-4779, ¶ 38.

**{¶17}** In their complaint, Appellants alleged "[a]s a direct and proximate result of [Amazon's] negligence, . . . McQueen . . . suffered serious bodily injury, which required medical care and treatment." Complaint at ¶ 16. When Amazon failed to file its responsive pleading, it admitted all of the allegations set forth therein; therefore,

Appellants were not required to present medical testimony or expert witness testimony to establish causation.

{¶18} "In conducting a hearing on damages, the trial court has broad discretion in assessing the weight and credibility of the evidence of damages." *Skiver v. Wilson*, 2018-Ohio-3795, 119 N.E.3d 969, ¶ 18 (Citation omitted). A trial court is free to believe "all, part, or none of the testimony of any witness who appeared before it," and "the mere fact that testimony is uncontroverted does not necessarily require a trier of fact to accept the evidence if [it] found that the testimony was not credible." *Bradley v. Cage,* 9th Dist. Summit No. 20713, 2002-Ohio-816, *2 (Citations omitted). "The discretionary review of the credibility of the witness is to be distinguished from a situation in which the trier of fact expressly disregards the evidence by concluding that there was no evidence presented to establish damages. *5500 S. Marginal Way, L.L.C. v. Parker*, 8th Dist. Cuyahoga No. 110736, 2022-Ohio-1071, ¶ 14 (Citation omitted).

{¶19} In this case, the trial court essentially concluded Appellants did not present evidence to establish damages, noting:

Calculating the amount of damages based on the evidence presented by the plaintiffs proves problematic based on a lack of specificity and documentation. For instance, McQueen testified that the first bill they received from LMH was for $7,000.00 or more. Plaintiffs' Exhibit 8 reflects a bill for $6,223.50 but no foundation was laid for its authentication and McQueen testified when asked by the Court that she has not paid any out of pocket expenses for her medical treatment. Plaintiffs' Exhibit 7,

moreover, is a collection of numerous statements which reflect no amounts due from the plaintiffs. She also failed to give a definite amount of money for lost wages as a result of being unable to return to her job for a week.

Martinez's testimony relating to damages for the ceiling light was vague and ambiguous. The exhibits clearly show that the plaintiffs are calculating their damages as to the light fixture based on internet searches. * * * [Martinez] gave a possible range of costs for the replacement and installation of the ceiling light. The Court simply cannot calculate damages without this specificity. * * *

May 23, 2022 Judgment Entry at 6.

**{¶20}** "R.C. 2317.421 makes the [medical] bills prima facie evidence of the reasonable value of charges for medical services." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 9. Additionally, "Ohio courts have found that, once a right to damages has been established, that right cannot be denied because damages are incapable of being calculated with mathematical certainty." *Brooks v. RKUK, Inc.*, 5th Dist. Stark No. 2021CA00048, 2022-Ohio-266, 2022 WL 279013, ¶ 55 (Citation omitted).

**{¶21}** Hearsay is admissible evidence unless the opposing party objects. It was error for the trial court to exclude from its consideration Appellants' evidence regarding damages in the absence of an objection. Likewise, in the absence of an objection, the evidence relative to the cost of replacing and installing the ceiling light fixture as testified to by Martinez was sufficient to establish damages.

**{¶22}** Based upon the foregoing, we find the trial court's award of $0 in damages was against the manifest weight of the evidence. Accordingly, this Court enters final judgment in favor of Appellants and against Appellee in the amount of $6,618.50, plus trial court costs.

**{¶23}** Appellants' sole assignment of error is sustained.

**{¶24}** The judgment of the Licking County Municipal Court is reversed and final judgment is entered.

By: Hoffman, J.
Wise, Earle, P.J. and
Delaney, J. concur

HON. WILLIAM B. HOFFMAN

HON. EARLE E. WISE, JR.

HON. PATRICIA A. DELANEY