OPINION *Page 2 
{¶ 1} Defendant-Appellant, Edward Eckman, appeals the August 13, 2007 decision of the Licking County Municipal Court to grant summary judgment in favor of Plaintiffs-Appellees, Allison Bush and Kimberly Malkowski.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On September 25, 2006, Appellant entered into a lease agreement with Appellee, Allison Bush, for the premises located at 86 Nautica Way, Buckeye Lake, Ohio. The lease agreement was for a term of six months, to begin on October 1, 2006 and terminating on March 31, 2007. Appellant paid a $600 security deposit.
 {¶ 3} Under the terms of the lease agreement, it was Appellant's obligation to pay rent on the first of the month and to pay utilities. Appellant made only a partial rent payment in December 2006 and did not pay his utilities. Upon examination of the premises, Appellee determined that it appeared Appellant had abandoned the rental unit. On January 8, 2007, Appellee posted a three-day notice on the property pursuant to R.C. 1923.04.
 {¶ 4} Appellee again checked on the property and stated she found the doors and windows of the rental unit to be unlocked. In order to secure the property, she stated that she had the lock on the front door changed. She stated that she did not change the locks on the back door and windows, but just locked them. On January 19, 2007, Appellees filed a complaint against Appellant asserting two causes of action: (1) forcible entry and detainer and (2) monetary damages in the amount of $1371.17 for unpaid rent and utilities. *Page 3 
 {¶ 5} The matter was set for a hearing on February 6, 2007. On February 6, 2007, the parties filed an agreed judgment entry stating that Appellant would vacate the premises by February 12, 2007 and Appellees would dismiss their first cause of action. Appellant also filed an answer and counterclaim on February 6, 2007, alleging: (1) Appellees entered the rental premises without notice to Appellant in violation of R.C. 5321.04(A)(8); (2) Appellees changed the locks on the premises and prevented Appellant from recovering his belongings in violation of R.C. 5321.16; and (3) conversion.
 {¶ 6} Appellees filed an answer to Appellant's counterclaim and an amended complaint on March 14, 2007. In their amended complaint, Appellees alleged Appellant's breach of the rental agreement resulted in damages amounting $995.40, after the application of Appellant's $600 security deposit.
 {¶ 7} On April 4, 2007, Appellees filed a Notice of Service with the trial court. Appellees notified the trial court that they had served Plaintiffs' Interrogatories, Document Requests and Requests for Admissions upon counsel for Appellant. The trial court held a pre-trial on this case, setting the trial date for September 20, 2007. (Pre-Trial Order, May 3, 2007). The trial court noted discovery had not been completed and ordered that it be completed "per rule." Id.
 {¶ 8} Appellees filed a Motion for Summary Judgment on their complaint and Appellant's counterclaim on June 11, 2007. As of the date of Appellees' motion for summary judgment, Appellant had not responded to Appellees' April 4, 2007 discovery request. In support of their motion for summary judgment, Appellees relied upon the affidavit of Appellee Bush and the matters contained in Appellees' Requests for *Page 4 
Admissions. Appellees argued that pursuant to Civ. R. 36, Appellant failed to timely respond to Appellees' Requests for Admissions and therefore, the matters are deemed admitted and become facts of the record.
 {¶ 9} Appellant filed his memorandum contra to Appellees' Motion for Summary Judgment on July 19, 2007. Appellant argued that he responded to Appellees' Requests for Admissions on July 10, 2007 and attached his answers to the response to the motion for summary judgment. Appellant argued the trial court should allow Appellant to withdraw or amend the admissions.
 {¶ 10} The trial court granted Appellees' Motion for Summary Judgment on August 13, 2007. In its entry it stated:
 {¶ 11} "Defendant was given ample time under the Rules of Procedure, to file responses to the Interrogatories and Requests for Admission. At no time did the Defendant seek an extension of time from the Court to answer Interrogatories and provide Admissions or Denials to Requests for Admission. In fact, it wasn't until Plaintiff filed a Motion for Summary Judgment that the Defendant attempted, without leave of Court, to file Answers to Interrogatories and responses to Requests for Admission. Accordingly, the Court is not considering the discovery materials filed without leave and is basing its ruling in favor of the Plaintiff, primarily on the fact that the Defendant failed to comply with the rules. Requests for Admission not denied, are admitted." (Judgment Entry, Aug. 13, 2007).
 {¶ 12} The trial court awarded Appellees $995.40 plus interest accruing from the date of judgment and costs. The trial court also dismissed Appellant's counterclaim. *Page 5 
 {¶ 13} It is from this decision Appellant now appeals. Appellant raises two Assignments of Error:
 {¶ 14} "I. THE TRIAL COURT ERRED IN REFUSING TO ALLOW DEFENDANT-APPELLANT TO WITHDRAW THE ADMISSIONS THAT WERE BASED ON DEFENDANT'S BELATED RESPONSE TO THE REQUEST FOR ADMISSIONS.
 {¶ 15} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF ON HIS CLAIMS AND ON DEFENDANT'S COUNTERCLAIMS."
 I. {¶ 16} Appellant argues in his first Assignment of Error that the trial court abused its discretion when it denied Appellant's request to withdraw or amend the admissions. We disagree.
 {¶ 17} Civ. R. 36 addresses requests for admissions. Civ. R. 36(A) states in pertinent part,
 {¶ 18} "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters * * *. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *."
 {¶ 19} Failure to respond to request for admissions results in the requests becoming admissions. Cleveland Trust v. Willis (1985),20 Ohio St.3d 66, 67, 485 N.E.2d 1052. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." Id. *Page 6 
 {¶ 20} The trial court, however, has the discretion to permit a party to withdraw or amend an admission. Civ. R. 36(B) states in part,
 {¶ 21} "[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. * * *"
 {¶ 22} The trial court's determination of whether or not to allow withdrawal or amendment of the admissions is reviewed under an abuse of discretion standard. Aetna Cas. Sur. Co. v. Roland (1988),47 Ohio App.3d 93, 95, 547 N.E.2d 379. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 23} In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ. R. 36(B). Ohio courts have stylized this consideration into a multi-pronged analysis. See Kutcscherousky v.Integrated Communications Solutions, LLC, 5th Dist. No. 2004CA00338, 2005-Ohio-4275; RKT Properties, LLC v. City ofNorthwood, 6th Dist. No. WD-05-009, 2005-Ohio-4178;Farmers Ins. Of Columbus, Inc. v. Lister, 5th Dist. No, 2005-CA-29, 2006-Ohio-142; B T Distributors v. CSK Const., Inc., 6th Dist. No. L-07-1362, 2008-Ohio-1855. First, there is the overreaching goal that cases should be resolved on their merits. The court must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of the case. ClevelandTrust, 20 Ohio St.3d at 67. If the court so determines, the burden then shifts to the *Page 7 
party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action. Id.;Balson v. Dodds (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. "Against this prejudice, the court must weigh the `compelling' circumstances that led to the failure to respond to the request for admissions." RKT Properties, supra at ¶ 12, citingCleveland Trust, supra and Balson, supra.
 {¶ 24} In the present case, Appellant's response to Appellees' Requests for Admissions was submitted to Appellees approximately seventy days after the due date. Appellees filed their motion for summary judgment on June 11, 2007. It was not until July 10, 2007 that Appellant submitted his response to the Requests for Admissions. The matter was scheduled for trial on September 20, 2007. Further, Appellant has set forth no reason, compelling or otherwise, for his failure to timely respond. Considering the record in this matter, we conclude the trial court did not abuse its discretion by denying Appellant's request to withdraw or amend the admissions. Appellant's first Assignment of Error is overruled.
 II. {¶ 25} Appellant argues in his second Assignment of Error that the trial court erred in granting Appellees' motion for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. *Page 8 
 {¶ 26} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 27} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 28} Appellees' motion for summary judgment was supported by affidavit evidence and Appellant's admissions. As stated in our disposition of Appellant's first Assignment of Error, we found Appellant's failure to respond to Appellees' Requests for Admissions resulted in the requests becoming admissions and the trial court did not abuse its discretion in denying Appellant's request to withdraw or amend those admissions. Also stated above, "a request for admission can be used to establish a fact, even if it goes to the heart of the case."Cleveland Trust, 20 Ohio St.3d at 67. "This is in accord with the purpose of the request to admit — to resolve potentially disputed issues and thus to expedite the trial." Id. citing St. Paul Fire Marine Ins.Co. v. Battle (1975), 44 Ohio App.2d 261, 269, 337 N.E.2d 806. *Page 9 
 {¶ 29} In response to Appellees' motion for summary judgment, Appellant filed a supporting affidavit with his belated responses to Appellees' Requests for Admissions.
 {¶ 30} The issues in this case are whether Appellant breached the lease agreement and, as raised in Appellant's counterclaim, whether Appellees entered the rental premises without notice to Appellant in violation of R.C. 5321.04(A)(8), whether Appellees changed the locks on the premises and prevented Appellant from recovering his belongings in violation of R.C. 5321.16, and a final claim for conversion.
 {¶ 31} Upon review of the parties' arguments and the Civ. R. 56 evidence, we find the record supports the trial court's decision to grant summary judgment in favor of Appellees on their complaint and Appellant's counterclaim. Appellant's admissions establish there are no genuine issues of material fact for trial. Appellant's failure to meet the requirements of Civ. R. 36 resulted in Appellant admitting to the following:
 {¶ 32} "1. That Defendant owes the Plaintiffs $995.40 plus costs and interest per the disposition of the security deposit attached as Exhibit B.
 {¶ 33} "2. That Defendant admitted in front of a Buckeye Lake police officer and one of the Plaintiffs on February 6, 2007 that nothing was missing from the property other than divorce papers.
 {¶ 34} "3. That Defendant left the property unlocked in December 2006 and/or January 2007.
 {¶ 35} "4. That Defendant told Plaintiffs in December 2006 and/or January 2007 that he was not coming back to the property. *Page 10 
 {¶ 36} "5. That Defendant saw a note that had been left on the door of the property related to contact information for Plaintiffs if Defendant returned to the property.
 {¶ 37} "6. That Defendant was given keys to the new locks.
 {¶ 38} "7. That when the Defendant notice the lock to the front door had changed, the Defendant could still enter through the back door because that lock had not been changed." (Appellees' Requests for Admissions, filed June 11, 2007).
 {¶ 39} Based on the foregoing, reasonable minds can come to only one conclusion that Appellees are entitled to judgment as a matter of law.
 {¶ 40} Appellant's second Assignment of Error is overruled.
 {¶ 41} Accordingly, the decision of the Licking County Municipal Court is affirmed.
 Delaney, J. Gwin, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant. *Page 1