# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106560

---

## SAMANTHA SKIVER

### PLAINTIFF-APPELLANT

vs.

## MARVIN WILSON, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-883623

**BEFORE:** McCormack, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 20, 2018

[Cite as *Skiver v. Wilson*, 2018-Ohio-3795.]

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, OH    44124


**ATTORNEY FOR APPELLEES**

Heather McCollough
P.O. Box 605058
Cleveland, OH 44105

TIM McCORMACK, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant Samantha Skiver ("Skiver") appeals from the trial court's default judgment granted in her favor in the amount of $6,650. For the reasons that follow, we affirm.

{¶2} On July 26, 2017, Skiver filed a complaint against defendant-appellees Marvin Wilson, Wilson's Tamales, Inc., and Feuerstein Properties, L.L.C. ("Appellees"), for unjust enrichment, quantum meruit, breach of contract, and replevin/conversion. Skiver alleged that Appellees verbally contracted with Skiver to perform various services for them in association with Appellees' business ventures, she performed services for which she was contracted, and Appellees failed to compensate her for the services rendered. Additionally, Skiver alleged that Appellees illegally withheld her computer. She alleged damages in excess of $25,000.

{¶3} On September 19, 2017, Skiver filed a motion for default judgment. On September 20, 2017, the trial court scheduled a default hearing, instructing Skiver to provide evidence of damages and evidence that she sent notice of the default hearing to Appellees. On October 18, 2017, the court held a default hearing. After finding that Appellees failed to appear at the default hearing, the trial court granted Skiver's motion for default judgment and set the matter for a hearing on damages.

{¶4} On October 26, 2017, the trial court conducted a hearing on damages. The court noted that Skiver and her counsel attended the hearing and Marvin Wilson appeared

without counsel.   When the court offered Wilson the opportunity to present testimony in his defense, he declined, stating that while he generally disputes Skiver's testimony, he would like to consult with his attorney, who was not present.

{¶5}   At the hearing, Skiver testified that she was hired by Appellees to create a website for them; assist with rent collection; place properties for sale on Craig's List; manage properties; assist with marketing the restaurant, Wilson's Tamales, Inc.; purchase products and supplies; and interact with Wilson's attorneys.   Skiver provided copies of documents supporting the services performed, such as a "general agreement" for the purchase of property,   invoices for Wilson's Tamales, Inc., and email communications. She also stated that although she created the website for Appellees, for reasons unbeknownst to her, they "took it down."

{¶6}   Skiver testified that she used her own laptop computer for work performed at Appellees' business because the company's computer did not work properly.   She stated that Wilson would not allow her to remove her own computer from the property, even when she called the police for assistance.   She estimated the value of her computer at $1,500.

{¶7}   Regarding compensation, Skiver testified that she was to be paid $75 per hour for her services or "part of whatever he sold the houses for," separate and apart from her work creating the website.   Skiver stated that Wilson "could never make up his mind which way [payment] was going to go."   She further testified that Appellees agreed to pay Skiver $5,000 for establishing the website.   In an affidavit, Skiver also stated that

she was to receive 10% of any tamales sales she made. She stated that she worked exclusively for Appellees from January 2017 to May 2017, for a total of 574 hours.[1] Skiver conceded that she never submitted invoices to Appellees for her services.

{¶8} According to Skiver, Appellees owed her $40,000 in hourly wages, plus $5,000 for her efforts in creating the website, and the return of her computer, or $1,500 for the fair value of her computer.

{¶9} After the hearing, the court concluded that "there was no written contract reflecting the extent of [the] services [performed by Skiver], their duration, nor any payment terms." The court noted, however, that Skiver testified that she entered into an oral agreement with Wilson for her services and she testified that she loaned Wilson her laptop computer, which he never returned. The court also noted that Skiver testified that she invested 574 hours of hourly services for Appellees.

{¶10} Upon considering Skiver's testimony and the exhibits provided by Skiver, the court concluded as follows:

> [Skiver] provided no details as to when and where this work was performed or for which defendant it was performed. There was no itemization of hours and no invoice was ever produced. Without any corroboration of the hourly work plaintiff claims to have performed, the court can only infer that

---

[1] Skiver testified at the hearing on damages that she spent 574 hours performing business services for the Appellees. Her affidavit filed in support of her motion for default judgment, however, avers that she spent 534 hours assisting the Appellees.

some work was performed by Ms. Skiver for the defendants Wilson's Tamales, Inc. and Feuerstein Properties, LLC. Without a basis from which to accurately measure the hours plaintiff claims she worked, only nominal damages can be awarded for this category of damages.

**{¶11}** The trial court then awarded Skiver damages against Appellees in the amount of $6,650: $5,000 for the website development, against Wilson's Tamales, Inc.; $75.00 for nominal damages for hourly work, against Wilson's Tamales, Inc.; $75.00 for nominal damages for hourly work, against Feuerstein Properties, L.L.C.; and $1,500 for the unreturned laptop, against Appellees, jointly and severally.

**{¶12}** Skiver now appeals, alleging that the trial court erred in holding a hearing on damages and in awarding "minimal" damages. Appellees assert that a hearing on damages was necessary in order to determine the extent of damages because there was no written agreement between the parties. Appellees argue, however, that the trial court erred in awarding "nominal damages."[2]

---

[2] Appellees labeled their responsive brief, "Merit brief of appellee or in the alternative motion to vacate void judgment." To the extent Appellees urge this court to vacate the default judgment rendered by the trial court, or argue the trial court erred in denying Marvin Wilson's motion to vacate filed with the trial court, we decline to address these arguments in this opinion. The trial court's denial of Wilson's motion is not a part of this appeal. Therefore, a determination concerning the motion to vacate would require consideration of evidence outside of the record. Arguments relying on evidence outside of the record are not appropriately considered on a direct appeal. *Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054; *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, ¶ 27 (an issue that requires evidence outside of the record is unresolvable on direct appeal).

{¶13} We review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard. *Davie v. Nationwide Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 101453, 2015-Ohio-422, ¶ 9, citing *Chase Bank USA, N.A. v. Courey*, 8th Dist. Cuyahoga No. 92798, 2010-Ohio-246, ¶ 22. The determination of the kind and the maximum amount of damages that may be awarded, however, "is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C)." *Arendt v. Price*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, ¶ 8, citing *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). Therefore, the question of whether a trial court complied with Civ.R. 55 and 54 is one of law, which we review de novo. *See id.*; *see also Masny v. Vallo*, 8th Dist. Cuyahoga No. 84938, 2005-Ohio-2178, ¶ 15.

{¶14} Under Civ.R. 54(C), a trial court may not grant default judgment "different in kind from or exceed in amount" that which is stated in the demand for judgment. Civ.R. 54(C). And Civ.R. 55(A) provides when a hearing on damages is necessary:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶15} Thus, pursuant to Civ.R. 55(A), the trial court has the discretion to conduct a hearing following an entry of default judgment in order to determine the measure of

damages. *Malaco Constr. v. Jones*, 10th Dist. Franklin No. 94APE10-1466, 1995 Ohio App. LEXIS 3534, 21 (Aug. 24, 1995); *Buckeye Supply Co. v. N.E. Drilling Co.*, 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985) ("It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant.").

{¶16} This discretion may depend upon the type of claim made against the defaulting defendant. Generally, no proof of damages is required for a liquidated damages claim. *See Buckeye.* A liquidated damages claim is one "that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law." *Huo Chin Yin v. Amino Prods. Co.,* 141 Ohio St. 21, 46 N.E.2d 610 (1943); *see also Farmers & Merchants State & Savs. Bank v. Raymond G. Barr Ents., Inc.*, 6 Ohio App.3d 43, 452 N.E.2d 521 (4th Dist.1982) (agreeing that proof of damages is not required where the claim is based on a written instrument, a contract stating a specific amount, or on an account).

{¶17} However, where the judgment is not liquidated or only partially liquidated, the court must hold a hearing on the damages. *Mid-America Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 Ohio App. LEXIS 2712, at 7 (June 29, 1990), citing *Maintenance Unlimited, Inc. v. Salemi*, 18 Ohio App. 3d 29, 480 N.E.2d 113 (8th Dist.1984). "Ohio law requires the presentation of proof of damages for an unliquidated claim before any can be awarded." *Faulkner v. Integrated Servs. Network, Inc.*, 8th Dist. Cuyahoga Nos. 81877 and 83083, 2003-Ohio-6474, ¶ 26 (finding the trial court's

failure to hold an evidentiary hearing error where a determination of damages "necessarily require[d] consideration of factors outside the 'written instrument'").

{¶18} In conducting a hearing on damages, the trial court has broad discretion in assessing the weight and credibility of the evidence of damages. *Arendt*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, at ¶ 16. And there is no requirement that a trial court award damages based upon the estimates provided. *See Sotnyk v. Guillenno*, 6th Dist. Lucas No. L-13-1198, 2014-Ohio-3514 (finding no error where the trial court considered the evidence, was fully engaged in the hearing, and sought clarification or explanation for the estimated costs and awarded the appellant half of the requested amount). "[A]n appellant's disagreement with the trier of fact as to the appropriate amount of damages is not grounds for reversal." *Arendt*; *Sotnyk* at ¶ 11.

{¶19} Here, the trial court did not abuse its discretion in holding a hearing on damages. There was no written agreement between Skiver and Appellees reflecting the extent of the services performed by Skiver, the duration of the contract, or any payment terms from which the court could determine the damages with exactness or by an "arithmetical process." Nor were there any invoices or statements containing an itemized breakdown of hours or services. Therefore, a hearing was necessary in order to take an account and determine the amount of damages.

{¶20} Moreover, we find no evidence in the record demonstrating that the trial court's damages determination was against the manifest weight of the evidence. There is no evidence in the record apart from Skiver's testimony of a purported oral agreement

and the alleged total number of hours spent on services for the Appellees. As the trial court noted, the evidence submitted lacks any detail concerning specific dates when the work was performed (other than a general period of January 2017 through May 2017), where the work was performed, and for whom the work was performed. Skiver conceded that she never submitted an invoice to the Appellees for services rendered, and she failed to provide to the court an itemization of hours worked or a breakdown of her services. We therefore find no error in the trial court's award of damages in the amount of $6,650 to Skiver.

{¶21} Skiver's assignment of error is overruled.

{¶22} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR