[Cite as *Smith v. Perkins*, 2024-Ohio-1419.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

KELTON K. SMITH,

    PLAINTIFF-APPELLANT,

  v.

JOEL PERKINS,

    DEFENDANT-APPELLEE.

CASE NO. 5-23-18

O P I N I O N

Appeal from Findlay Municipal Court
Trial Court No. 22CVF01280

Judgment Affirmed

Date of Decision:  April 15, 2024

APPEARANCES:

    *Kelton K. Smith,* Appellant

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Kelton K. Smith ("Smith"), a licensed Ohio attorney representing himself, appeals the May 22, 2023 judgment entry of the Findlay Municipal Court granting judgment in his favor against defendant-appellee, Joel Perkins ("Perkins"), and awarding him $250.00 in compensatory damages. For the reasons that follow, we affirm.

{¶2} This case stems from an altercation that occurred on June 17, 2022 between Smith and Perkins at the Menards home-improvement store in Findlay, Ohio. On the same day that the altercation occurred, Smith filed a complaint in the Findlay Municipal Court alleging a claim for assault and battery and seeking $15,000.00 in damages. Smith filed an amended complaint on June 22, 2022 alleging a claim for assault and battery but seeking $7,500.00 in compensatory damages and $7,500.00 in punitive damages. Smith served a request for admissions on Perkins on June 24, 2022.

{¶3} Because Perkins did not respond to Smith's request for admissions within 28 days, Smith filed a motion in the trial court on August 1, 2022 to deem his request for admissions of Perkins admitted. The trial court granted his request on August 3, 2022. Nevertheless, Perkins filed his response to Smith's request for admissions on August 8, 2022. However, on August 10, 2022, Smith filed a motion

to strike Perkins's response to his request for admissions since Perkins's response was not timely.

**{¶4}** Moreover, since Perkins did not file an answer to the complaint, Smith filed a motion in the trial court requesting a default judgment on August 3, 2022.[1]

**{¶5}** On August 11, 2022, Smith filed a motion in limine requesting that the trial court limit Perkins from presenting "evidence at further hearing in this cause" since the trial court "ordered that [Perkins] had admitted all of the admissions contained within [Smith's] request." (Doc. No. 22).

**{¶6}** The case proceeded to a hearing on September 26, 2022 during which the trial court denied Smith's motion to strike Perkins's response to his request for admissions and Smith's motion in limine, then the trial court proceeded to a hearing on the issue of damages. On May 22, 2023, the trial court granted judgment in favor of Smith and awarded him $250.00 in compensatory damages. (Doc. No. 29).

**{¶7}** On June 21, 2023, Smith field his notice of appeal.[2] He raises three assignments of error for our review.

## First Assignment of Error

**The trial court erred when it denied Appellant's Motion to Strike Appellee's responses to Appellant's Request for Admission which were filed out-of-rule and without leave of court.**

---

[1] Even though Perkins did not file an answer to the complaint, he appeared in this case on August 1, 2022.

[2] Perkins did not file an appellee's brief in this case. Under such "circumstances, App.R. 18(C) provides that we 'may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.'" *Prater v. Mullins*, 3d Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, ¶ 4, fn. 1, quoting *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 16.

**{¶8}** In his first assignment of error, Smith argues that the trial court erred by denying his motion to strike Perkins's untimely response to his request for admissions. That is, Smith contends that the trial court erred by admitting Perkins's untimely response to his request for admissions.

*Standard of Review*

**{¶9}** This court reviews a trial court's decision to admit untimely responses to a party's request for admissions for an abuse of discretion. *Brown v. Morganstern*, 11th Dist. Trumbull No. 2002-T-0164, 2004-Ohio-2930, ¶ 49; *State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 2011-Ohio-1731, ¶ 25 (3d Dist.). *See also Riverside Drive Enterprises, LLC v. Geotechnology, Inc.*, 1st Dist. Hamilton No. C-220099, 2023-Ohio-583, ¶ 11 ("This court reviews a trial court's ruling on a motion to strike for an abuse of discretion."). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

**{¶10}** "Requests for Admissions are governed by Civil Rule 36." *Corwin v. Kimble*, 5th Dist. Licking No. 22CA00002, 2022-Ohio-3395, ¶ 31. The rule provides, in its relevant part, that "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer

or objection * * * ."  Civ.R. 36(A)(1).  "Thus, failure to timely respond or to respond at all will result in the requested matter being deemed admitted."  *Corwin* at ¶ 32.  *See also Davila* at ¶ 28 (professing that "a party's failure to timely respond to a request for admissions results in matters being *automatically* admitted under Civ.R. 36(A)").

{¶11} Under the rule, "'[a]ny matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'"  *Corwin* ¶ 32, quoting *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985), citing Civ.R. 36(B).  "And [a] request for admission *can* be used to establish a fact, even if it goes to the heart of the case.'"  (Emphasis added.)  *Id.*, quoting *Cleveland Trust* at 67.  However, under Civ.R. 36(B), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits."

{¶12} In this case, Smith served his request for admissions on Perkins on June 24, 2022.  Because Perkins did not respond to Smith's request for admissions within the 28 days as provided by Civ.R. 36, Smith (needlessly) filed a motion on August 1, 2022 requesting that the trial court deem admitted his request for admissions of Perkins, which the trial court granted.  *See Black v. Hicks*, 8th Dist. Cuyahoga No. 108958, 2020-Ohio-3976, ¶ 65 ("Under Civ.R. 36(A), requests for

admissions are self-executing; if a party fails to respond to a request or an admission, the matter is automatically deemed admitted and no further action is required by the party requesting it."); *Palmer-Donavin v. Hanna*, 10th Dist. Franklin No. 06AP-699, 2007-Ohio-2242, ¶ 11 (noting that "[t]he fact that Palmer-Donavin filed a motion seeking to admit those requests did not somehow erode the self-executing nature of those requests"). Nevertheless, Perkins filed his response to Smith's request for admissions on August 8, 2022. Smith replied to Perkins's untimely response by filing a motion to strike Perkins's response to the request for admissions on August 10, 2022.

{¶13} At the September 26, 2022 hearing, the trial court initially stated that it was "going to deny Mr. Smith's motion" because it "already had deemed the request to be admitted."[3] (Sept. 26, 2022 Tr. at 17). Notwithstanding that pronouncement, the trial court proceeded to "a hearing for the motion for default solely on the issue of what damages would be appropriate to award Mr. Smith based on the fact that Mr. Perkins did not file an answer to the complaint nor did he respond to those admissions." (*Id.* at 21). Consequently, our review of the record reveals that the trial court granted Smith's motion to strike Perkins's responses to his request for admissions as to the issue of liability but denied Smith's motion as to the issue of damages.

---

[3] The trial court memorialized its decision denying Smith's motion to strike Perkins's untimely response to his request for admissions in its May 22, 2023 entry.

{¶14} "Civ.R. 36 does not specify that a formal motion is required nor does the rule identify a time when the motion must be filed." *Corwin*, 2022-Ohio-3395, at ¶ 34, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980), fn. 2. "Courts have accepted, absent a written or oral motion to withdraw, various challenges to the truth of an admission as implicit motions to withdraw." *Id.*, citing *C.S.J. v. S.E.J.*, 8th Dist. Cuyahoga No. 108390, 2020-Ohio-492, ¶ 12 and *Balson* at fn. 2 (contesting the truth of admissions serves as evidence of a motion to withdraw the admissions). *See also Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 25 (challenging the truth of the admissions during trial proceedings constitutes a motion to withdraw or amend admissions).

{¶15} "'In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ.R. 36(B).'" *Corwin* at ¶ 38, quoting *Bush v. Eckman*, 5th Dist. Licking No. 07CA0115, 2008-Ohio-5080, ¶ 23. *See also Kutscherousky v. Integrated Communications Sols., LLC*, 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275, ¶ 17 (stressing that "standard set forth in Civ. R. 36 makes no mention of 'excusable neglect'"). "'Ohio courts have stylized this consideration into a multi-pronged analysis.'" *Corwin* at ¶ 38, quoting *Bush* at ¶ 23.

{¶16} "First, there is the overarching goal that cases should be resolved on their merits." *Id.* at ¶ 39. Under this step, the trial court "must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of

the case." *Id. See also Stevens v. Cox*, 6th Dist. Wood No. WD-08-020, 2009-Ohio-391, ¶ 52 (asserting that "'this burden is clearly met when the effect of denying a motion to withdraw and amend would "practically eliminate any presentation of the merits"'"), quoting *Kutscherousky* at ¶ 19, quoting *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976).

{¶17} Second, "[i]f the court so determines, the burden then shifts to the party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action." *Corwin* at ¶ 39. "'Against this prejudice, the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions.'" *Id.*, quoting *RKT Properties, L.L.C. v. Northwood*, 162 Ohio App.3d 590, 2005-Ohio-4178, ¶ 12 (6th Dist.).

{¶18} In this case, Perkins admitted to most of the facts underlying Smith's claim by failing to timely respond to his request for admissions. *Compare Abuhilwa v. Corr. Med. Ctr.*, 10th Dist. Franklin No. 08AP-642, 2008-Ohio-6915, ¶ 12. Significantly, because the crux of Smith's argument in the trial court and on appeal is that Perkins's admissions alone warranted an entry of judgment in his favor, the first portion of the analysis is satisfied. *Accord id.*; *Balson*, 62 Ohio St.2d. at 290-291 (analyzing that "[i]t is uncontested that presentation of the merits herein would be enhanced by permitting appellee to file untimely answers"). In other words, amendment or withdrawal of Perkins's admissions would have "furthered the

presentation and resolution of the case on its merits, instead of the admissions." *Abuhilwa* at ¶ 12. *See also Davila*, 194 Ohio App.3d 325, 2011-Ohio-1731, at ¶ 29.

{¶19} Turning to the second portion of the analysis, Smith failed to identify any prejudice to him resulting from amendment or withdrawal of Perkins's admissions as to the issue of damages and we see none. *Accord French v. Dwiggins*, 9 Ohio St.3d 32, 37 (1984); *Abuhilwa* at ¶ 12; *Davila* at ¶ 30. "Prejudice under Civ.R. 36(B), however, does not result simply because the party who initially obtained the admission will now have to convince the fact finder of its truth." *Davila* at ¶ 30. Indeed, "[c]ourts have recognized that, where a party all but conceded liability through its admission in a contested case, it is unlikely that the opposing party could have reasonably relied on the truth of the admission." *Kutscherousky*, 2005-Ohio-4275, at ¶ 27. That is, even if Smith relied on Perkins's admissions during his trial preparations, "courts are """*loathe* to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure."""" (Emphasis added.) *C.S.J.*, 2020-Ohio-492, at ¶ 16, quoting *Bayview Loan Servicing L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 23, quoting *Kutscherousky* at ¶ 28, quoting *Westmoreland*, 71 F.R.D. at 193.

{¶20} Moreover, the circumstances that led to Perkins's failure to respond to Smith's request for admissions do not weigh against withdrawal or amendment of Perkins's admissions. Significantly, the record reflects that Perkins's delay in

providing his response to Smith's request for admissions was less than three weeks past the due date for his response and while discovery was ongoing. *Compare Davila* at ¶ 31 (noting that "the respondents' delay in providing responses to the request for admissions was only a little more than a month past the due date for responses and while discovery was ongoing"); *Kutscherousky* at ¶ 23 (noting that "the appellant's responses were only nine days late; both parties were aware of each other's position on the merits of the case; [and] the time frame for discovery had not expired and was not close to expiring"). In particular, at the September 26, 2022 hearing, Perkins informed the trial court that he did not receive Smith's request for admissions until early August and that he had "it two days and [then] brought it [to the court] Friday, but [it was] already closed Friday, so [he] had to bring it in Monday." (Sept. 26, 2022 Tr. at 8).

**{¶21}** Based on the foregoing reasons, the grounds for granting a Civ.R. 36(B) motion were satisfied under the facts presented. Therefore, the trial court's decision, in effect, to permit Perkins to withdraw his admissions as to the issue of damages and to proceed with a hearing on the issue of damages is not unreasonable, arbitrary, or unconscionable. *Accord C.S.J.* at ¶ 18 ("The trial court did not abuse its discretion when it allowed C.S.J. to proceed at trial and, in effect, permitted her to withdraw her Civ.R. 36(A) admissions."); *French*, 9 Ohio St.3d at 37 (holding "that the trial court properly ruled that the amount of damages not be deemed conclusively established under Civ.R. 36"). *See also Davila* at ¶ 31 (concluding

that "the trial court's refusal to grant the Civ.R. 36(B) motion in effect resulted in a default judgment against the respondents in the amount of $1,409,000," which was "simply unreasonable under the circumstances of this case and contrary to '"[the] basic tenet of Ohio jurisprudence that cases should be decided on their merits"'"), quoting *First Fed. Bank of Ohio v. Angelini*, 160 Ohio App.3d 821, 2005-Ohio-2242, ¶ 22 (3d Dist.), quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983).

{¶22} For these reasons, Smith's first assignment of error is overruled.

**Second Assignment of Error**

**The trial court erred when it denied Appellant's Motion In Limine and permitted Appellee to produce evidence which would tend in any way to contradict facts and admissions which the trial court had previously ordered that Appellee had admitted.**

{¶23} In his second assignment of error, Smith argues that the trial court erred by denying his motion in limine, which requested the trial court to limit Perkins from presenting any evidence that would contradict his purported admissions in this case.

*Standard of Review*

{¶24} "We review a trial court's ruling on a motion in limine for an abuse of discretion." *Childs v. Kroger Co.*, 10th Dist. Franklin No. 22AP-524, 2023-Ohio-2034, ¶ 57. *See also Wasinski v. PECO II, Inc.*, 3d Dist. Crawford No. 3-08-14, 2009-Ohio-2615, ¶ 55 (applying the abuse-of-discretion standard of review to a trial court's ruling on a motion in limine). Again, for this court to determine that the trial

court abused its discretion, we must conclude that the trial court acted unreasonably, arbitrarily, or unconscionably.  *Blakemore*, 5 Ohio St.3d at 219.

*Analysis*

**{¶25}** At the September 26, 2022 hearing, the trial court denied Smith's motion in limine after concluding that the hearing would proceed only "on the issue of what damages would be appropriate to award Mr. Smith based on the fact that Mr. Perkins did not file an answer to the complaint nor did he respond to those admissions."[4]  (Sept. 26, 2022 Tr. at 21).  Proceeding only on the issue of damages, Perkins did not present *any* evidence.  (*See* Sept. 26, 2022 Tr. at 46-47).  *Compare Brentson v. Chappell*, 66 Ohio App.3d 83, 87 (8th Dist.1990) (evaluating that "the record reveals that appellee neither raised the issue of the cause of the electrical failure nor did appellee offer expert testimony during trial on said issue").

**{¶26}** "It is well established that a decision on a motion in limine is a 'tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context.'"  *Wasinski* at ¶ 52, quoting *State v. Geboy*, 145 Ohio St.3d 706, 726 (2001).  "'An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'"  (Emphasis deleted.)  *Gollihue v. Consol. Rail*

---

[4] The trial court memorialized its decision denying Smith's motion in limine in its May 22, 2023 entry.

*Corp.*, 120 Ohio App.3d 378, 388 (3d Dist.1997), quoting *State v. Grubb*, 28 Ohio St.3d 199, 203 (1986). In other words, "[a] court's initial denial of a motion in limine does not preserve any error for review." *White v. Ctr. Mfg. Co.*, 126 Ohio App.3d 715, 722 (6th Dist.1998). "Thus, the evidence at issue must be presented at trial, and a proper proffer made, in order to preserve the error for appeal." *Id.*

**{¶27}** Because Perkins did not present any evidence relative to damages at the damages hearing, there is no error for us to review. *Accord Brentson* at 87 (holding that "[e]rror, therefore, may not be predicated on the trial court's denial of appellant's motion in limine since a final ruling with respect to the contested evidence was not reached by the trial court"). *See also Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. Franklin No. 13AP-287, 2014-Ohio-1846, ¶ 34.

**{¶28}** Smith's second assignment of error is overruled.

### Third Assignment of Error

**The trial court erred when it ruled that even after it had ordered on 3 August 2022 that Appellant [sic] had admitted each and every one of the thirty-three (33) requests for admission propounded upon him in Appellant's Request for Admission, the admissions contained within such Request for Admission were not conclusively established and did not support Appellant's claim for damages contained within his Amended Complaint because Appellee was appearing *pro se*, without counsel.**

**{¶29}** In his third assignment of error, Smith challenges the trial court's judgment awarding him $250.00 in compensatory damages. Specifically, Smith argues that, because Perkins "already admitted and it was conclusively established

that he owed [Smith] $7,500.00 in compensatory damages and $7,500.00 in punitive damages," the trial court should have awarded him $15,000.00 in damages. (Appellant's Brief at 19).

*Standard of Review*

{¶30} Generally, "[w]e review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard." *Wells Fargo Bank, N.A. v. Thompson*, 3d Dist. Hancock No. 5-12-20, 2013-Ohio-644, ¶ 8. *See also Sailors v. Pacheco*, 11th Dist. Lake No. 2021-L-011, 2021-Ohio-3180, ¶ 41 (applying the abuse-of-discretion standard of review "when a trial court decides a motion for default judgment after hearing evidence"). Once more, for a trial court to abuse its discretion, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶31} "However, once default judgment is entered, 'the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).'" *Sailors* at ¶ 43, quoting *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 6. "Thus, 'the question of whether a trial court's grant of default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is one of law, which we review de novo.'" *Id.*, quoting *Shuman* at ¶ 6. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25.

**{¶32}** When a trial court's damages award complies with the mandates of Civ.R. 55(C) and Civ.R. 54(C), "[a] reviewing court ordinarily will uphold a trial court's damage award if it is not against the manifest weight of the evidence." *Clark v. Enchanted Hills Community Assn.*, 4th Dist. Highland No. 19CA4, 2020-Ohio-553, ¶ 9. *See also* R.C. 2315.21(B)(3). "Judgments supported by some competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Sailors* at ¶ 46. *See also Brooks v. RKUK, Inc.*, 5th Dist. Stark No. 2021CA00048, 2022-Ohio-266, ¶ 56 ("'This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal.'"), quoting *Clark* at ¶ 9.

*Analysis*

**{¶33}** "The award of default judgment is governed under Civ.R. 55 and provides that '[i]n all cases a judgment by default is subject to the limitations of Rule 54(C).'" *Arendt v. Price*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, ¶ 10, quoting *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, ¶ 8 (4th Dist.). Civ.R. 54(C) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

> The primary purpose of Civ.R. 54(C)'s limitations on default judgment is to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action.

*Shuman* at ¶ 11.

**{¶34}** In this case, Smith does not dispute that the trial court complied with Civ.R. 55(C) and Civ.R. 54(C). Rather, Smith argues that the trial court should have awarded him $15,000.00 in damages ($7,500.00 in compensatory damages and $7,500.00 in punitive damages) because Perkins admitted to his liability in that amount by failing to respond to Smith's request for admissions. Smith's argument is without merit.

**{¶35}** Civ.R. 55(A) prescribes when a hearing on damages is necessary and provides, in its relevant part, that

> [if], in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *.

Civ.R. 55(A). Consequently, a "trial court has the discretion to conduct a hearing following an entry of default judgment in order to determine the measure of damages." *Skiver v. Wilson*, 8th Dist. Cuyahoga No. 106560, 2018-Ohio-3795, ¶ 15, citing *Malaco Constr. v. Jones*, 10th Dist. Franklin No. 94APE10-1466, 1995 WL 506026, *8 (Aug. 24, 1995) and *Buckeye Supply Co. v. N.E. Drilling Co.*, 24 Ohio App.3d 134, 136 (9th Dist.1985) ("It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant."). Since "the determination of damages necessarily

requires consideration of information outside a written instrument, the trial court abuses its discretion [by] failing to hold an evidentiary hearing to determine the exact amount of damages." *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. Franklin No. 11AP-352, 2011-Ohio-6766, ¶ 16.

{¶36} "In conducting a hearing on damages, the trial court has broad discretion in assessing the weight and credibility of the evidence of damages." *Skiver* at ¶ 18. "And there is no requirement that a trial court award damages based upon the estimates provided." *Id.* Critically, "an appellant's disagreement with the trier of fact as to the appropriate amount of damages is not grounds for reversal." *Id.*, quoting *Arendt*, 2015-Ohio-528, at ¶ 16.

{¶37} Importantly, a trial court lacks authority to award damages in the absence of evidence supporting the damage award. *Kelley v. Sullivan*, 8th Dist. Cuyahoga No. 106189, 2018-Ohio-1410, ¶ 10, citing *Carr v. Charter Natl. Life Ins. Co.*, 22 Ohio St.3d 11 (1986), syllabus. "'Where a damages claim is "liquidated" or based on a readily ascertainable amount, such as an account, no additional proof is necessary.'" *Id.*, quoting *K. Ronald Bailey & Assocs. Co., L.P.A. v. Soltesz*, 6th Dist. Erie No. E-05-077, 2006-Ohio-2489, ¶ 16. *See also Clark*, 2020-Ohio-553, at ¶ 11 ("In the context of damages on default judgment, generally, no proof of damages is required for a liquidated damages claim."). "A liquidated damages claim is one 'that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law.'"

*Clark* at ¶ 11, quoting *Huo Chin Yin v. Amino Prods. Co.*, 141 Ohio St. 21, 29 (1943).

**{¶38}** "'However, when the judgment is not liquidated, or only partially liquidated, it is *reversible* error for the trial court to enter a default judgment without holding a hearing on the damages issue.'" (Emphasis added.) *Hull v. Clem D's Auto Sales*, 2d Dist. Darke No. 2011 CA 6, 2012-Ohio-629, ¶ 7, quoting *Mid-American Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (June 29, 1990). In such circumstances, "[b]efore a money judgment may be awarded, the plaintiff must establish evidence of the damages." *Brooks*, 2022-Ohio-266, at ¶ 55. Typically, "'once a right to damages has been established, that right cannot be denied because damages are incapable of being calculated with mathematical certainty.'" *Clark* at ¶ 10, quoting *Labonte v. Labonte*, 4th Dist. Meigs No. 07CA15, 2008-Ohio-5086, ¶ 19, quoting *Pingue v. Pingue*, 5th Dist. Delaware No. 95CAF02006, 1995 WL 768535, *10 (Nov. 6, 1995). "'"However, the amount of damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture or surmise."'" *Id.*, quoting *Labonte* at ¶ 19, quoting *Pingue* at *10.

**{¶39}** In this case, Smith sought compensatory and punitive damages. "Compensatory damages are intended to make whole the plaintiff for the wrong done to him or her by the defendant." *Fantozzi v. Sandusky Cement Prod. Co.*, 64 Ohio St.3d 601, 612 (1992). "Compensatory damages are defined as those which

measure the actual loss, and are allowed as amends therefor." *Id.* "Compensatory damages include both economic damages—'direct pecuniary loss, such as hospital and other medical expenses immediately resulting from the injury, or loss of time or money from the injury, loss due to the permanency of the injuries, disabilities or disfigurement'—and noneconomic damages." *Brooks v. Montgomery Care Ctr.*, 1st Dist. Hamilton No. C-130838, 2014-Ohio-4644, ¶ 8, quoting *Fantozzi* at 612. "'Usually awarded for pain and suffering, noneconomic damages can also include compensation for loss of ability to perform usual functions; loss of consortium, mental anguish, or other intangible loss; and humiliation or embarrassment.'" *Id.*, quoting *Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 19. "The assessment of such damage is, however, a matter solely for the determination of the trier of fact because there is no standard by which such pain and suffering may be measured." *Fantozzi* at 612. *See also Waxman Dev., L.L.C. v. Iron Cowboy Prods., L.L.C.*, 8th Dist. Cuyahoga No. 103453, 2016-Ohio-3458, ¶ 22 (noting that a plaintiff must prove the amount of compensatory damages sought by a preponderance of the evidence).

{¶40} "In Ohio, punitive damages may be awarded in tort actions involving fraud, malice, or insult." *Gibbons v. Shalodi*, 9th Dist. Lorain No. 19CA011586, 2021-Ohio-1910, ¶ 52. *See also* R.C. 2315.21(C)(1). "The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Burns v. Prudential Secs., Inc.*, 167 Ohio App.3d 809, 2006-Ohio-3550, ¶ 98 (3d

Dist.). "Accordingly, an award of punitive damages requires something more than a showing of mere negligence." *Id.* "Punitive damages are, by nature, unliquidated damages that require additional evidence." *Berube v. Richardson*, 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367, ¶ 10. Therefore, a plaintiff must demonstrate by clear and convincing evidence that he or she is entitled to recover punitive damages. *Burns* at ¶ 98, citing R.C. 2315.21(D)(4). "Clear and convincing evidence is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 40 (9th Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶41} "'Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" *Kelley*, 2018-Ohio-1410, at ¶ 9, quoting *Preston v. Murty*, 32 Ohio St.3d 334 (1987), syllabus.

{¶42} Based on the record before us, we conclude that the trial court did not abuse its discretion by granting default judgment in favor of Smith and awarding him $250.00 in compensatory damages. That is, the trial court did not abuse its discretion by conducting a hearing following its decision granting default judgment in favor of Smith in order to determine the measure of damages in this case. *See Henderson v. SMC Productions, Inc.*, 6th Dist. Erie No. E-18-003, 2019-Ohio-5275,

¶ 126 (Zmuda, J., dissenting) (concluding that the trial court did not abuse its discretion by deciding "to hold a hearing on appellants' claim for unliquidated damages" and did not "abuse [its] discretion in requiring appellants to prove their damages rather than merely relying on unanswered requests for admission that purport to establish damages"). Indeed, even though "a defendant's failure to answer or otherwise defend a complaint constitutes an admission of facts alleged in the complaint," those admitted facts alone are insufficient to warrant the imposition of damages. *Favors v. Burke*, 8th Dist. Cuyahoga No. 98617, 2013-Ohio-823, ¶ 16. *See also Carr v. Charter Natl. Life Ins. Co.*, 22 Ohio St.3d 11, 13 (1986).

{¶43} Specifically, as we determined in Smith's first assignment of error, the trial court proceeded to a hearing on the issue of damages after denying Smith's motion to strike Perkins's untimely response to his request for admissions (and, in effect, permitting Perkins to withdraw his admissions) as to the issue of damages. Stated another way, the trial court proceeded on the issue of damages after granting default judgment in favor of Smith since Perkins did not file an answer to the complaint in this case. Consequently, since the measure of damages in this case is not liquidated and because Smith did not attach an affidavit to his motion for default judgment itemizing his damages, it was necessary for the trial court to conduct such hearing. *See Henderson* at ¶ 125 (Zmuda, J., dissenting) (noting that, even when admitted, "proof of damages is generally required for unliquidated damages" and "'when [a] judgment is not liquidated, or only partially liquidated, it is reversible

-21-

error for the trial court to enter a default judgment without holding a hearing on the damages issue'"), quoting *Hull*, 2012-Ohio-629, at ¶ 7; *Heckman v. Porter*, 5th Dist. Stark No. 2002CA00380, 2003-Ohio-3135, ¶ 6-7, 15.

**{¶44}** Even though Smith sought $15,000.00 in damages—$7,500.00 in compensatory damages and $7,500.00 in punitive damages—Smith's prayer for $15,000.00 in damages appears to be based on the jurisdictional limits of the municipal court rather than the actual damages he suffered. *Compare Hull* at ¶ 9 (noting that damages in the amount of $15,000.00 "appears to be based on the jurisdictional limits of the municipal court, rather than the actual damages suffered by the Hulls"). Importantly, the only evidence Smith presented in support of his claim for $15,000.00 in damages is Perkins's admissions. *Compare Bayview Loan Servicing*, 2017-Ohio-2758, at ¶ 29 (recognizing that "St. Cyr relie[d] solely upon the deemed admissions to support his claim"); *Kelley*, 2018-Ohio-1410, at ¶ 14 ("Kelley provided no evidence to support an amount of punitive damages except for requests for admissions").

**{¶45}** However, based on our review of the record, the trial court's award of $250.00 in compensatory damages is not against the manifest weight of the evidence. Specifically, the trial court concluded that the only evidence that Smith presented in support of his compensatory-damages claim was his testimony regarding his noneconomic loss. Indeed, the trial court found that Smith "did not provide any evidence of any economic loss for which he can recover compensatory

damages." (Doc. No. 29). *Compare Brooks*, 2014-Ohio-4644, at ¶ 9 (concluding that Brooks failed to demonstrate evidence of economic loss because "Brooks offered no evidence that her brother suffered direct pecuniary loss"). Consequently, the trial court resolved that Smith "is entitled to a nominal award of compensatory damages for his noneconomic loss" since he "did not provide any further explanation or description of the injuries, did not indicate that they were severe enough to seek medical treatment and did not indicate that they were severe enough for him to miss work." (Doc. No. 29).

**{¶46}** Some competent, credible evidence supports the trial court's determination that Smith is entitled to $250.00 in compensatory damages for his noneconomic loss. In particular, at the September 26, 2022 hearing, the only evidence that Smith presented regarding his compensatory damages was his testimony that he sustained minimal injuries and minimal mental anguish. (*See* Sept. 26, 2022 Tr. at 32-33). *Compare Hull*, 2012-Ohio-629, at ¶ 8 (noting that "[t]he Hulls did not detail the amount of damages that they had suffered for each claim, and nothing in the record indicated the amount" sought). Since such noneconomic-loss award is "a matter solely for the determination of the trier of fact because there is no standard by which such pain and suffering may be measured," the trial court's compensatory-damage calculation is not against the manifest weight of the evidence. *Fantozzi*, 64 Ohio St.3d at 612.

**{¶47}** As to Smith's claim for $7,500.00 in punitive damages, the trial court determined that Smith "is not entitled to an award of punitive damages" because it could not "find based on the evidence presented by [Smith] that [Perkins] possessed a state of mind under which his conduct could be characterized by hatred, ill will or a spirit of revenge, or that he had a conscious disregard for the rights and safety of other persons that ha[d] a great probability of causing substantial harm." (Doc. No. 29). Critically, the trial court found that Perkins "was at his truck and was attempting to load or unload his items when [Smith] approached him, instigated an argument and followed [Perkins] when he attempted to walk away from him." (*Id.*).

**{¶48}** Nevertheless, Smith contends that the trial court erred by denying his request for $7,500.00 in punitive damages because,

> [w]ith it being given that [Perkins] admitted the operative facts and the damages he owed [Smith], and with such facts are conclusively established, there could be no other conclusion than a preponderance of the evidence indicates that [Perkins] owes [Smith] * * * the amount of [$7,500.00] in punitive damages for [Smith's] intentional and unprovoked act of assaulting [Smith] on 17 June 2022.

(Appellant's Brief at 20). Smith's argument is misplaced. Imperatively, Smith bore the burden of proving entitlement to punitive damages by clear and convincing evidence. *Kelley*, 2018-Ohio-1410, at ¶ 13. Thus, even if Perkins's admissions were "deemed admitted by default," such admission "may satisfy the preponderance of the evidence measure of proof, but the clear and convincing standard requires

something more." *Id.* at ¶ 15. "Moreover, punitive damages are not recoverable as of right; their allowance is discretionary." *Id.* at ¶ 16.

**{¶49}** In this case, other than his insistence that Perkins admitted to owing him $7,500.00 in punitive damages, Smith highlights no evidence to indicate that he is entitled to a punitive-damages award. *Compare id.* at ¶ 14 ("Kelley provided no evidence to support an amount of punitive damages except for requests for admissions."); *Halliburton Energy Services, Inc. v. Synder*, S.D.Ohio No. 2:17-CV-349, 2018 WL 6573682, *7 (Dec. 13, 2018). We see no evidence—let alone clear and convincing evidence—presented by Smith at the damages hearing reflecting that Perkins acted with actual malice. Rather, our review of the record reveals that there is some competent, credible evidence—namely, "the video admitted by [Smith] as Plaintiff's Exhibit A"— supporting the trial court's determination that Smith did not present clear and convincing evidence that Perkins acted with actual malice. (Doc. No. 29). Thus, because the trial court has broad discretion in assessing the weight and credibility of such evidence, the trial court's punitive-damages award is not against the manifest weight of the evidence.

**{¶50}** For these reasons, we conclude that the trial court's measure of damages is not against the manifest weight of the evidence. Consequently, the trial court did not abuse its discretion by granting a default judgment in favor of Smith and awarding him $250.00 in compensatory damages.

**{¶51}** Smith's third assignment of error is overruled.

**{¶52}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**